# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| MARTIN J. WALSH, Secretary of Labor, United States Department of Labor, | ) ) ) |
| Plaintiff, | ) ) ) |
| v. | ) ) Civil Action No. 6:22-cv-1165 |
| MR. CAO'S LLC d/b/a MR. CAO JAPANESE STEAKHOUSE, CAOZHENG CORPORATION d/b/a DAIMARU STEAKHOUSE, and JASON CAO, | ) ) ) ) ) ) |
| Defendants. | ) ) |

## COMPLAINT

Pursuant to Section 217 of the Fair Labor Standards Act of 1938, as amended (29 U.S.C. § 201 *et seq.*) ("FLSA"), Plaintiff Martin J. Walsh, Secretary of Labor, United States Department of Labor ("Secretary"), brings this action to enjoin and restrain the defendants Mr. Cao's LLC d/b/a Mr. Cao Japanese Steakhouse ("Mr. Cao's"), Caozheng Corporation d/b/a Daimaru Steakhouse ("Daimaru"), and Jason Cao, an individual (collectively, "Defendants") from violating Sections 206, 207, 211, 212(c), 215(a)(2), 215(a)(4), and 215(a)(5) of the FLSA, and to recover tips Defendants withheld from their employees and other compensation Defendants failed to pay their employees, plus liquidated damages, pursuant to Section 216(c) of the FLSA.

In addition, pursuant to Sections 216 and 217 of the FLSA and the Families First Coronavirus Response Act, Pub. L. No. 116-127, 134 Stat. 178 (2020) ("FFCRA"), effective April through December 31, 2020, which, among other things, provided 80 hours of paid sick leave for all employees who meet certain criteria under Division E—the Emergency Paid Sick Leave Act

1

("EPSLA"), the Secretary brings this action to recover compensation Defendants failed to pay two Daimaru employees, plus liquidated damages.

The Secretary, through the Wage and Hour Division, conducted investigations of Defendants for compliance with the FLSA. The Secretary's investigations reviewed Mr. Cao's and Jason Cao's employment and pay practices from July 29, 2018 through July 25, 2020, and Daimaru and Jason Cao's employment and pay practices from September 3, 2018 through August 30, 2020 (the "Investigation Periods"). Unless stated otherwise, all allegations and conditions described herein pertain to the Investigation Periods.

## Jurisdiction and Venue

1. This Court has jurisdiction of this case. 28 U.S.C. § 1345; 29 U.S.C. §§ 216(c) & 217; 29 C.F.R. § 826.150(b).

2. This Court is the proper venue because all or a substantial part of the events or omissions giving rise to these allegations occurred in this judicial district. *See* 28 U.S.C. § 1391(b)(2).

## Defendants

3. Defendant Mr. Cao's is a Kansas limited liability company within this Court's jurisdiction with an office at 1505 E. 17th Avenue, Hutchinson, Kansas 67501 where it conducts business.

4. Mr. Cao's operates a full-service restaurant located in Hutchinson, Kansas.

5. Defendant Daimaru is a Kansas for profit corporation within this Court's jurisdiction with an office at 3045 S. 9th Street, Salina, Kansas 67401 where it conducts business.

6. Daimaru operates a full-service restaurant located in Salina, Kansas.

7. Defendant Jason Cao, an individual, has actively managed and supervised the operations and employees of Mr. Cao's and Daimaru during the Investigation Periods. Among other things, Jason Cao has hired and fired employees, set their work schedules, and set their pay rates.

8. In addition, Jason Cao has been an owner of Daimaru during the Investigation Periods.

9. Jason Cao has acted directly or indirectly the interests of Mr. Cao's and Daimaru with respect to their employees and is therefore an "employer" under the FLSA and FFCRA. 29 U.S.C. § 203(d); 29 C.F.R. § 826.10.

10. During the Investigation Period, Defendants engaged in business within Reno County and Saline County, within this Court's jurisdiction.

## Fair Labor Standards Act

### *Coverage*

11. Mr. Cao's and Daimaru are an "enterprise" under the FLSA due to their related activities performed through unified operation or common control and for a common business purpose. 29 U.S.C. § 203(r).

12. Mr. Cao's and Daimaru are an "enterprise engaged in commerce" under the FLSA, because they had (i) two or more employees who were engaged in or produced goods for commerce; and (ii) an annual gross volume of sales or business done greater than $500,000 during the Investigation Periods. 29 U.S.C. § 203(s)(1)(A).

### *FLSA Violations*

13. Defendants repeatedly violated Sections 203(m)(2)(B) and 206 of the FLSA when they unlawfully kept employees' tips, including by allowing managers and supervisors to keep

portions of employees' tips; operated an illegal tip pool; and, shared tips with employees employed in non-tipped roles. 29 U.S.C. §§ 203(m)(2)(B), 206(a)(1), 215(a)(2).

14. Defendants also repeatedly violated Sections 206 and 215(a)(2) of the FLSA when they failed to pay their employees at least $7.25 per hour. Defendants paid tipped employees a rate less than the minimum wage at times when Defendants were not eligible to claim a tip credit against their minimum wage obligations. 29 U.S.C. §§ 206(a)(1), 215(a)(2).

15. Defendants also repeatedly violated Sections 207 and 215(a)(2) of the FLSA when they failed to pay their non-exempt employees one-and-one-half times their regular rates for hours worked in excess of 40 in a workweek. Defendants paid employees a straight-time rate for overtime hours worked without paying the required overtime premiums. Defendants also paid tipped employees at a rate of time and one-half the cash wage for overtime hours worked, rather than time and one-half the tipped employees' regular rates of pay. 29 U.S.C. §§ 207(a)(1), 215(a)(2).

16. Defendants violated Sections 211 and 215(a)(5) of the FLSA when they failed to keep complete and accurate records. Defendants did not keep any record of the hours worked by Mr. Cao's employees paid on a salary basis, and did not keep a record of the hours worked each work day and each workweek by Mr. Cao's hourly employees. Defendants also failed to keep a record of the hours worked each work day and each workweek by Daimaru's hourly employees, failed to keep any record of the hours worked by certain Daimaru employees paid on a salary basis, and maintained an inaccurate record of hours worked by other Daimaru employees. 29 U.S.C. §§ 211, 215(a)(5), 29 C.F.R. Part 516.

17. Defendants repeatedly violated Sections 212(c) and 215(a)(4) of the FLSA when they employed minors under 16 years of age in an enterprise engaged in commerce or in the

production of goods for commerce in violation of Child Labor Regulation No. 3, 29 C.F.R. § 570.35; such employment constituted oppressive child labor within the meaning of the FLSA.

### *Remedies Sought*

18.     As a result of their FLSA violations, Defendants owe the employees listed in Exhibit A the amounts of unlawfully kept tips, the amounts of tip credit taken, unpaid minimum wages and overtime compensation, and liquidated damages, under Sections 216(c) and 217 of the FLSA. If Defendants continued to violate the FLSA after the Investigation Periods, then Defendants may owe additional withheld tips, back wages, and liquidated damages to employees.

19.     Defendants may also owe additional back wages and liquidated damages, during the Investigation Periods, to their employees whose identities the Secretary does not currently know.

20.     As a result of their FLSA violations, Defendants have unlawfully withheld unpaid compensation from their employees.

21.     Moreover, Defendants repeatedly and willfully violated Sections 206, 207, 211, 215(a)(2) and 215(a)(5) of the FLSA, because Defendants knew or showed reckless disregard for whether the FLSA prohibited their conduct.

22.     Specifically, Defendants acted willfully when they had notice about the FLSA's requirements by virtue of an investigation commenced in 2015 of Daimaru, owned at that time by Jason Cao and represented by him in the investigation, finding the same or similar violations as the investigations subject to this Complaint. In 2016, Daimaru and Jason Cao agreed to pay any unpaid minimum and overtime wages owed as a result of those earlier violations, and they assured the Secretary that they would comply with the FLSA in the future. Nevertheless, Daimaru did not

change its improper pay and recordkeeping practices, and Jason Cao allowed the same improper practices to occur at Mr. Cao's.

23. Because Defendants repeatedly and willfully violated the FLSA, the Secretary is entitled to recover back wages and liquidated damages for a three-year period. 29 U.S.C. § 255(a).

## **Families First Coronavirus Response Act**

### *Coverage*

24. Daimaru and Jason Cao are and were engaged in commerce or in an industry or activity affecting commerce in that they operated a restaurant in Salina, Kansas on or after April 1, 2020 and employed less than 500 employees at the time that two Daimaru employees required leave in December 2020 after contracting COVID-19. Daimaru and Jason Cao are employers within the meaning of 29 C.F.R. § 826.10 and covered employers within the meaning of 29 C.F.R. § 826.40(a).

25. At all times hereinafter mentioned, Daimaru and Jason Cao employed at their Salina, Kansas restaurant two full-time employees who were also spouses. Those employees were eligible employees under 29 C.F.R. § 826.30(a).

### *FFCRA Violations*

26. In or about December 2020, both employees contracted COVID-19, and the husband was hospitalized for approximately one week due to his illness. Upon information and belief, both husband and wife were unable to work from on or about December 16, 2020 through December 31, 2020 because they had been advised by a health care provider to self-quarantine due to concerns related to COVID-19 and/or were experiencing COVID-19 symptoms and seeking a medical diagnosis. 29 C.F.R. § 826.20(a)(1)(ii)-(iii).

27. In or about mid-December 2020, both husband and wife provided timely and proper notice regarding their need for leave by orally informing Jason Cao of their COVID-19 infections, after which Jason Cao instructed them to stay home. 29 C.F.R. §§ 826.90 & 826.100.

28. Daimaru and Jason Cao failed to provide these two employees paid sick leave at the highest wage rate of either their respective regular rate of pay, the federal minimum wage, or the highest applicable state or municipal minimum wage. 29 C.F.R. § 826.22(a).

29. Daimaru and Jason Cao violated the FFCRA in that they interfered with, restrained, or denied these two employees the exercise of rights provided under the statute.

30. Daimaru and/or Jason Cao may also have interfered with, restrained, or denied the exercise of rights provided under the statute as to other employees, the identity of whom the Secretary does not know, between April 1 and December 30, 2020.

### *Remedies Sought*

31. As a result of their FFCRA violations, Daimaru and Jason Cao owe at least two employees unpaid compensation, and liquidated damages, under 29 U.S.C. §§ 216(c) and 217.

### **Prayer for Relief**

As a result of Defendants' repeated and willful FLSA violations, as well as Daimaru and Jason Cao's violation of the FFCRA, the Secretary respectfully requests this Court enter an Order:

A. Permanently enjoining and restraining Defendants, their officers, agents, servants, employees, and those in active concert or participation with them, from violating Sections 203(m)(2)(B), 206, 207, 211, 212(c), 215(a)(2), 215(a)(4), and 215(a)(5) of the FLSA. 29 U.S.C. § 217(a).

B. Finding Defendants liable for unlawfully kept tips and unpaid minimum and overtime wages, plus an equal amount in liquidated damages, owing to the employees listed in

Exhibit A, as well as to other of Defendants' employees not yet known to the Secretary. 29 U.S.C. § 216(c).

C.     Finding Daimaru and Jason Cao liable for unpaid compensation found due under the FFCRA, plus an equal amount in liquidated damages, owing to the two employees who were also spouses who contracted COVID-19, as well as to other of Daimaru's and Jason Cao's employees not yet known to the Secretary. 29 U.S.C. § 216(c); 29 C.F.R. § 826.150(b).

D.     If the Court declines to award liquidated damages, then enjoining and restraining Defendants, their officers, agents, employees, and those persons in active concert or participation with Defendants, from withholding unpaid compensation found owing to Defendants' employees, plus prejudgment interest computed at the underpayment rate established by the Secretary of the Treasury under 26 U.S.C. § 6621.

E.     Providing such other relief as may be necessary and appropriate.

F.     Awarding costs and granting such other and further relief as may be necessary and appropriate.

SEEMA NANDA
Solicitor of Labor

CHRISTINE Z. HERI
Regional Solicitor

EVERT H. VAN WIJK
Associate Regional Solicitor

s/Katharine K. Sangha
KATHARINE K. SANGHA (KS #26232)
U.S. Department of Labor

Office of the Solicitor
2300 Main Street, Suite 10100
Kansas City, Missouri 64108
816-285-7244 (Direct)
816-285-7287 (Fax)
Sangha.Katharine.K@dol.gov

*Attorneys for Plaintiff Martin J. Walsh, Secretary of Labor, United States Department of Labor*