UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES DEPARTMENT OF LABOR,<br><br>    Plaintiff,<br><br>    v.<br><br>MR. CAO'S LLC et al.,<br><br>    Defendants. | Case No. 22-1165-TC-RES |

**MEMORANDUM AND ORDER**

On October 10, 2022, Defendants Mr. Cao's LLC, d/b/a Mr. Cao Japanese Steakhouse ("Mr. Cao's"), Caozheng Corporation, d/b/a Daimaru Steakhouse ("Daimaru"), and Jason Cao ("Cao") (collectively, "Defendants") filed a Motion for More Definite Statement and Memorandum in Support. ECF No. 16. Defendants request that the Court enter an order requiring Plaintiff the United States Department of Labor ("USDOL") to provide a more definite statement regarding USDOL's allegations that Defendants violated various sections of the Fair Labor Standards Act ("FLSA"). *See id.* USDOL opposes the Motion on the grounds that the Complaint provides enough factual detail to enable Defendants to file a responsive pleading. *See* ECF No. 18. For the reasons explained below, the Motion is denied.

**I.  BACKGROUND**

According to the Complaint, Defendants Mr. Cao's and Daimaru are full-service restaurants operating in Hutchinson and Salina, Kansas, respectively. *Id.* at 2, ¶¶ 3-6. Defendants Mr. Cao's and Daimaru are an "enterprise" under the FLSA because of their "related activities performed through unified operation or common control and for a common business purpose." *Id.* at 3, ¶ 11. Defendants Mr. Cao's and Daimaru are also an "enterprise engaged in commerce"

under the FLSA because they had "(i) two or more employees who were engaged in or produced goods for commerce; and (ii) an annual gross volume of sales or business done greater than $500,000 during the Investigation Periods." *Id.* at 3, ¶ 12.

Defendant Cao "actively managed and supervised the operations and employees of Mr. Cao's and Daimaru," and "hired and fired employees, set their work schedules, and set their pay rates." *Id.* at 3, ¶ 7. Because Defendant Cao acted directly or indirectly in the interests of Defendants Mr. Cao's and Daimaru with respect to their employees, USDOL alleges he is an "employer" under the FLSA. *Id.* at 3, ¶ 9. Defendant Cao also owns Defendant Daimaru. *Id.* at 3, ¶ 8.

USDOL conducted investigations of Defendants for compliance with the FLSA. *Id.* at 2. USDOL's investigations reviewed Defendants Mr. Cao's and Cao's employment and pay practices from July 29, 2018, through July 25, 2020, and Defendants Daimaru and Cao's employment and pay practices from September 3, 2018, through August 30, 2020 (the "Investigation Periods"). *Id.* As a result of those investigations, USDOL alleges that Defendants violated various sections of the FLSA and the Families First Coronavirus Response Act ("FFCRA"). *See id.* at 3-7.

Regarding the FLSA violations, USDOL alleges Defendants violated:

- Sections 203(m)(2)(B) and 206 of the FLSA when they unlawfully kept employees' tips, operated an illegal tip pool, and shared tips with employees employed in non-tipped roles;

- Sections 206 and 215(a)(2) of the FLSA when they failed to pay their employees at least $7.35 per hour at times when Defendants were not eligible to claim a tip credit against their minimum wage obligations;

- Sections 207 and 215(a)(2) of the FLSA when they failed to pay their non-exempt employees one-and-one-half times their regular rates for hours worked in excess of 40 in a workweek;

- Sections 211 and 215(a) of the FLSA when they failed to keep complete and accurate records of the hours worked by certain Mr. Cao's employees and certain Daimaru employees; and

- Sections 212(c) and 215(a)(4) of the FLSA when they employed minors under 16 years of age in an enterprise engaged in commerce or in the production of goods for commerce in violation of Child Labor Regulation No. 3, 29 C.F.R. § 570.35.

*Id.* at 3-5, ¶¶ 13-17.

As a result of these violations, USDOL alleges that Defendants owe the employees listed in Exhibit A of the Complaint, and potentially other employees whose identities are unknown, withheld tips, unpaid minimum wages and overtime compensation, and liquidated damages. *Id.* at 5, ¶¶ 18-19; ECF No. 1-1. Moreover, USDOL also alleges that because Defendants willfully violated the FLSA, it is entitled to recover back wages and liquidated damages for a three-year period. *Id.* at 5, ¶¶ 20-23.

USDOL filed the Complaint on July 28, 2022. ECF No. 1. Defendants waived service, making their answer due on or before September 26, 2022. ECF Nos. 10-12. On September 26, 2022, Defendants filed an unopposed motion for extension of time to file their answer. ECF No. 14. The Court granted the motion as unopposed and extended the deadline for Defendants to answer or otherwise plead up to and including October 10, 2022. ECF No. 15. On October 10, 2022, Defendants filed this Motion. ECF No. 16.

Defendants argue that the Complaint only includes "vague and conclusory allegations as to the grounds for Defendants' alleged non-compliance with the FLSA, and fails to set forth the

3

factual basis underlying each category of alleged FLSA violations."[1]  *Id.* at 3.  Defendants assert that "[a]bsent appropriate pleading, [they] are unable to frame a proper, fact-specific defense."  *Id.*  Defendants request a more definite statement related to USDOL's FLSA claims, including "which restaurant allegedly committed each violation, the theory, factual nature and pay period of each FLSA violation alleged, and allegations sufficient to identify the employees involved with each theory . . . before they can properly admit or deny [USDOL]'s allegations."  *Id.*

On October 11, 2022, the Court expedited briefing by the parties.  ECF No. 17.  USDOL strongly opposes the Motion.  *See* ECF No. 18.  USDOL states in part: "The Secretary's complaint alleges more than enough factual detail to support facially plausible claims for relief and enable Defendants to file a responsive pleading."  *Id.* at 3.  Defendants filed their reply on October 27, 2022.  ECF No. 20.  This Motion is now before the Court.

## II.    LEGAL STANDARD

Rule 12(e) states that "[a] party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response."  "Requiring a more definite statement is appropriate when addressing unintelligible or confusing pleadings."  *Suede Grp., Inc. v. S Grp., LLC*, No. CIV. A. 12-2654-CM, 2013 WL 183752, at *1 (D. Kan. Jan. 17, 2013) (citations omitted).  Rule 12(e) motions "are properly granted only when a party is unable to determine the issues" to which they must respond.  *Norwood v. United Parcel Serv., Inc.*, No. 19-2496-DDC-JPO, 2020 WL 5802078, at *19 (D. Kan. Sept. 29, 2020) (quoting *Resol. Tr. Corp. v. Thomas*, 837 F. Supp. 354, 356 (D.

---

[1]   In the Motion, Defendants do not argue that USDOL's FFCRA allegations are so vague or conclusory that they are unable to adequately respond to the allegations.  Because of this, the Court does not address the FFCRA claims.

Kan. 1993)). "A motion for more definite statement should not be granted merely because the pleading lacks detail; rather, the standard to be applied is whether the claims alleged are sufficiently specific to enable a responsive pleading in the form of a denial or admission." *Id.* (quoting *Advantage Homebuilding, LLC v. Assurance Co. of Am.*, No. CIV. A. 03-2426-KHV, 2004 WL 433914, at *1 (D. Kan. Mar. 5, 2004)); *see also Creamer v. Ellis Cnty. Sheriff Dep't*, No. 08-4123-JAR, 2009 WL 484491, at *1 (D. Kan. Feb. 26, 2009) ("Rule 12(e) is designed to strike at unintelligible pleadings rather than pleadings that lack detail.").

"Courts consider Rule 12(e) motions in conjunction with the 'simplified pleading standard' of Rule 8(a)." *Kelly v. Morton Salt, Inc.*, No. 20-1352-TC, 2021 WL 1821819, at *1 (D. Kan. Mar. 1, 2021) (quoting *May v. Rottinghaus Co., Inc.*, 394 F. Supp. 3d 1334, 1339 (D. Kan. 2019)). Rule 8(a)(2) requires that the complaint provide "a short and plain statement of the claim showing that the pleader is entitled to relief." "The purpose of Rule 8(a)(2) is to provide opposing parties with 'fair notice of what the claim is and the grounds upon which it rests.'" *May*, 394 F. Supp. 3d at 1339 (quoting *Suede Grp., Inc.*, 2013 WL 183752, at *1).[2]

---

[2] In their briefing, both sides debate the relevance of the *Iqbal/Twombly* 12(b)(6) pleading standard to a 12(e) motion. In their reply, Defendants ultimately concede that there is no heighted pleading requirement for FLSA claims. *See* ECF No. 20 at 3 ("Defendants agree that there is no heightened FLSA standard and that highly-detailed pleadings are not required by Rule 8"). Defendants instead argue that "[r]equesting the most basic factual detail of [USDOL]'s claim . . . does not subject [USDOL] to a heightened pleading standard." *Id.* at 5.

Judges in this District have declined to grant Rule 12(e) motions on the basis that the complaint fails to meet the *Iqbal/Twombly* pleading standards. *See, e.g.*, *Capers v. Samson Dental Partners LLC*, No. 18-2531-JAR-TJJ, 2019 WL 858749, at *2 (D. Kan. Feb. 22, 2019) ("Although considering the elements of a prima facie case can help the Court 'to determine whether Plaintiff has set forth a *plausible* claim' in the context of a Rule 12(b)(6) motion, Plaintiff is *not* required to establish a prima facie case in her complaint" and a more definite statement was not warranted. (emphasis original)); *Suede Grp., Inc.*, 2013 WL 183752, at *3 ("The Court notes that the plausibility pleading standard set out by *Twombly* and *Iqbal* was in the context of a Rule 12(b)(6) motion to dismiss for failure to state a claim upon which relief can be granted rather than a Rule 12(e) motion for a more definite statement. The Court here declines to apply a *Twombly* and *Iqbal*-type analysis to Plaintiff's complaint in ruling on Defendants' motion for more definite

"[W]hen a complaint provides sufficient notice under Rule 8(a), the defendant should elicit additional detail through the discovery process." *Carnes v. AHC of Overland Park, LLC*, No. 21-2101-HLT, 2021 WL 1196427, at *2 (D. Kan. Mar. 30, 2021) (quoting *May*, 394 F. Supp. 3d at 1339). Courts "generally disfavor [Rule 12(e)] motions given the minimal pleading requirements and liberal discovery provisions of the" federal rules. *Mechler v. United States*, No. 12-1183-EFM-GLR, 2012 WL 5289627, at *2 (D. Kan. Oct. 23, 2012) (citing *Peterson v. Brownlee,* 314 F. Supp. 2d 1150, 1155–56 (D. Kan. 2004)); *see also Rodock v. Moore*, No. 21-2050-DDC, 2021 WL 2950105, at *1 (D. Kan. July 14, 2021) ("Suffice it to say, defendants bringing Rule 12(e) motions face a high hurdle."); *Suede Grp., Inc.*, 2013 WL 183752, at *3 ("While certainly the complaint could have contained additional details that would have made Defendants' task of responding to the complaint easier, Plaintiff is not required under Rule 8(a)(2) to plead that level of detail."). "The decision whether to grant or deny a motion for more definite statement lies within the sound discretion of the court." *Norwood*, 2020 WL 5802078, at * 19.

## III. DISCUSSION

The Court has reviewed the Complaint and does not find the FLSA allegations so vague or ambiguous that Defendants cannot reasonably prepare a response and the Complaint is not unintelligible or confusing. The Complaint describes in short, plain statements how Defendants allegedly violated the FLSA by failing to pay employees the federal minimum wage, operating an illegal tip pool, failing to pay overtime compensation, and failing to keep complete and accurate

---

statement."); *Mechler*, 2012 WL 5289627, at *2 ("Neither *Twombly* nor *Iqbal* change the standards under Rule 12(e)."). In this Order, the Court is not opining on the legal sufficiency of the Complaint in the context of a Rule 12(b)(6) motion, which is not a motion before the Court. Rather, as explained in this Order, the Court finds that USDOL's FLSA allegations are sufficiently specific to enable Defendants to prepare an answer or otherwise respond.

records. The allegations are sufficiently specific to enable a responsive pleading in the form of a denial or admission.

Defendants argue, however, that it is impossible for them to answer or otherwise plead because USDOL does not include details such as which employer is subject to the alleged FLSA violations, when the violations occurred and which employees were involved in each allegation.[3] But USDOL included these details in the Complaint. USDOL collectively defines Defendants as Mr. Cao's LLC d/b/a Mr. Cao Japanese Steakhouse, Caozheng Corporation d/b/a Daimaru Steakhouse and Jason Cao. ECF No. 1 at 1. USDOL alleges that Defendants Mr. Cao and Daimaru are an "enterprise" under the FLSA, and Defendant Cao acted directly or indirectly in their interests with respect to their employees. *Id.* at 2-3. By collectively referring to all Defendants in the FLSA violations, USDOL alleges that the violations were committed by all Defendants at both restaurants. USDOL states that "[u]nless stated otherwise, all allegations and conditions described herein pertain to the Investigation Periods," which are defined as from July 29, 2018, through August 30, 2020. ECF No. 1 at 2. Furthermore, USDOL identifies by name 91 employees (39 Mr. Cao's employees and 52 Daimaru employees) to whom Defendants allegedly owe compensation for the alleged FLSA violations and identifies the particular restaurant in which each employee worked. ECF No. 1-1. These factual allegations provide sufficient specificity for Defendants to either admit or deny the allegations.

---

[3] *See, e.g.*, ECF No. 16 at 7 ("the Tip Pool Allegations aver that Defendants (or one of them, it is unclear) . . ."), 8 ("What is particularly unclear in the Minimum Wage Allegations is whether the [USDOL]'s only theory of failure to pay minimum wage is that Defendants (or any one of them). . ."), 10 ("we start with the fact that these [overtime pay] allegations are made without specifying which Defendant . . ."), 11 ("no specific facts are included in the Complaint to put Defendants on notice of which employees allegedly did not receive overtime pay, which restaurant these allegations relate to, and when these events allegedly occurred."), 12 (Defendants allege they do not know which employees were involved in the child labor FLSA allegation or the ages of those employees).

Defendants' other examples similarly fail to meet the Rule 12(e) standard requiring re-pleading. For example, Defendants argue they cannot answer USDOL's allegation that Defendants violated the FLSA's recordkeeping provision because USDOL does not state "how their records were allegedly inaccurate, which records were inaccurate, and for what time period these records were inaccurate." ECF No. 16 at 11. Defendants state that they cannot respond because the FLSA recordkeeping regulations cover many different aspects of recordkeeping, record retention, and specific types of information required to be kept by an employer. *Id.* (citing 29 C.F.R. § 516). But USDOL alleges only that Defendants' records during the Investigation Periods either contain no records of hours worked or records that contain the hours worked are inaccurate. *See* ECF No. 1 at 4, ¶ 16; *see also* 29 C.F.R. § 516.2(a)(7). Although the FLSA recordkeeping regulations have many different requirements, USDOL does not make any other allegations that Defendants' records are either non-existent or inaccurate in any other context outside of accurately recording hours worked by employees. Defendants should be able to review their own records during the Investigation Periods to determine (1) if such records exist, and (2) whether such records accurately reflect the hours worked by their employees.

The same can be said for USDOL's allegation that Defendants violated the FLSA's child labor provision. Defendants argue that this allegation does not give them enough information to properly respond because there are no details "as to which rules were allegedly violated, when these rules were violated, which employees and which employer were involved, or the ages of those employees." ECF No. 16 at 12. But as previously explained, USDOL alleges that both restaurants violated Section 212(c) of the FLSA during the Investigation Periods. *See* ECF No. 1 at 2; ECF No. 18 at 10. Moreover, USDOL's citation to 29 C.F.R. § 570.35 puts Defendants on

8

notice to determine (1) if they have any employees that were 14 and 15 years old, and (2) whether such employees worked during prohibited hours during the Investigation Periods.

Defendants cite to several out-of-District and out-of-Circuit cases to argue that the Complaint could be more detailed, noting that those pleadings included additional details like job duties and employee classifications.[4]  Defendants also attach four complaints to their reply to support its argument that the cases USDOL cites to support the Complaint in its response to the Motion "actually demonstrates the sparce nature of [USDOL]'s pleadings."  ECF No. 20 at 3; ECF Nos. 20-1, 20-2, 20-3, 20-4.

But the fact that some FLSA complaints may contain additional details in no way demonstrates that the complaint in this case does not satisfy Rule 8(a)(2)'s requirements.  Judges in this District have found that the additional details Defendants demand, such as precise legal theories or which specific employees did not receive compensation, are not required by Rule 8(a)(2).  *See Kelly*, 2021 WL 1821819, at *2 (plaintiff was not required to provide a more definite statement to specifically identify his legal theories because "the fact that the plaintiff did not set forth his legal theory(ies) . . . is not dispositive."); *Solis v. La Familia Corp.*, No. 10-02400-EFM, 2011 WL 2531140, at *4 (D. Kan. June 24, 2011) ("the complaint need only allege that the defendant has violated the FLSA through its policy and practice of refusing to pay employees the appropriate amount of compensation in order to satisfy Rule 8's requirements.  As for the fact that the complaint does not list the names of the individual employees who were allegedly not paid

---

[4]  *See, e.g.*, *Schamis v. Josef's Table, LLC*, No. 12-80638-CIV, 2014 WL 1463494, at *1 (S.D. Fla. Apr. 15, 2014); *Reyes v. Topgolf Int'l, Inc.*, No. 3:17-CV-0883-S, 2018 WL 3999684, at *3 (N.D. Tex. Aug. 2, 2018), *report and recommendation adopted*, No. 3:17-CV-0883-S, 2018 WL 3998029 (N.D. Tex. Aug. 21, 2018); *Pogue v. Chisholm Energy Operating, LLC*, No. 2:20-CV-00580-KWR-KK, 2021 WL 979726 (D.N.M. Mar. 16, 2021).

minimum wage and/or overtime, existing precedent establishes that it is a non-issue."); *Braun v. Superior Indus. Int'l, Inc.*, No. 09-2560-JWL, 2010 WL 11627398, at *3 (D. Kan. June 29, 2010) (collecting cases); *In re Bank of Am. Wage & Hour Emp. Litig.*, No. 10-MD-2138-JWL, 2010 WL 4180567, at *5 (D. Kan. Oct. 20, 2010) ("In the context of an alleged overtime violation, that violation is plausible regardless of what any particular plaintiff earned as an hourly wage (and regardless of when, how often and how much a particular plaintiff was required to work in excess of 40 hours per week without compensation) so long as the plaintiff was otherwise eligible to receive overtime compensation and worked more than 40 hours in a given week without receiving compensation for those overtime hours.").

A case decided earlier this year in the District underscores that the level of detail sought by Defendants is not required. In *Walsh,* USDOL alleged the defendant violated the FLSA in nearly the exact same ways USDOL alleges Defendants did in this case, including by: "failing to pay employees the required minimum wage, of failing to pay servers for all hours worked, of improperly retaining employee tips, of operating an illegal tip pool, [ ] of sharing tips with employees in non-tipped roles[,]" and failing "to keep complete and accurate records[.]" *See Walsh v. Los Cocos Mexican Rest., Inc.*, No. 22-1004-JWB, 2022 WL 2191797, at *1-2 (D. Kan. June 16, 2022).

The defendant in *Walsh* moved to dismiss the case, arguing that the complaint "is a 'formulaic recitation of vague allegations' that is 'devoid of factual allegations that can put defendants on notice of what plaintiff is claiming.'" *Id.* at 2. The court, however, found that the FLSA allegations in the complaint satisfied Rule 8(a)(2) and put the defendant on fair notice of the claims. In reaching this conclusion, the court found that the complaint "describes in plain language Defendants' acts that violated the FLSA" and that additional details such as the hours

worked by each employee, the work hours that the defendants allegedly failed to pay and the overtime allegedly owed are "not only impractical, [they are] not required by the 'short and plain statement' standard of Rule 8(a)." *Id.*  For the same reasons explained in *Walsh*, the Court finds the Complaint sufficiently specific to enable Defendants to either admit or deny the FLSA allegations.  Defendants can elicit the additional information they seek through discovery.[5]

Finally, contrary to Defendants' contention, courts have found that nothing in Rule 8(a)(3) requires a plaintiff make a demand for a particular amount of damages in the complaint.  *See Isengard v. New Mexico Pub. Educ. Dep't*, No. CIV 08-0300 JB RLP, 2009 WL 5220371, at *5 (D.N.M. Dec. 9, 2009) ("It is unclear whether the federal courts should require a party to request specific damages, however, Rule 8(a)(3) has been read narrowly as to require only the assertion of the nature of relief alleged.") (quoting *Travelers Cas. & Sur. Co. of Am. v. A.G. Cullen Const., Inc.*, No. CIV. A. 07-0765, 2008 WL 4816477, at *11 (W.D. Pa. Nov. 4, 2008)); *Sawabeh Info. Servs. Co. v. Brody*, 832 F. Supp. 2d 280, 305 (S.D.N.Y. 2011) (pleading that a plaintiff "ha[s] suffered compensable damages in an amount to be proven at trial" is sufficient); *Alexander v. Se. Wholesale Corp.*, 978 F. Supp. 2d 615, 624 (E.D. Va. 2013) ("This demand does not have to be for a particular amount, and can be made in general terms." (citing *Doe v. Siddig*, 810 F. Supp. 2d 127, 137 (D.D.C. 2011))).

---

[5] At the Scheduling Conference on November 8, 2022, the Court informed the parties that Defendants' Motion would be denied in a formal order and directed the parties to meet and confer as soon as possible to discuss any information that could serve to narrow the scope of discovery or to eliminate any possible confusion on Defendants' part.

## IV. CONCLUSION

For the reasons explained above, Defendants' Motion for More Definite Statement, ECF No. 16, is **DENIED**.  It is further ordered that Defendants' answer to the Complaint is due on or before **November 30, 2022**.

**IT IS SO ORDERED.**

Dated: November 15, 2022, at Topeka, Kansas.

/s/ Rachel E. Schwartz
Rachel E. Schwartz
United States Magistrate Judge
