## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

UNITED STATES DEPARTMENT OF
LABOR,

     Plaintiff,

     v.

MR. CAO'S LLC, d/b/a Mr. Cao Japanese
Steakhouse, et al.,

     Defendants.

Case No. 22-1165-TC-RES

## MEMORANDUM AND ORDER

Before the Court is Plaintiff United States Department of Labor's Motion for Sanctions against Defendant Jason Cao ("Mr. Cao"). ECF No. 80. Plaintiff moves pursuant to Fed. R. Civ. P. 16(f), Fed. R. Civ. P. 37(b)(2), and D. Kan. Rule 11.1 and requests that the Court issue an order "(1) directing certain facts be taken as established for summary judgment purposes and at trial, and (2) prohibiting Jason Cao from introducing certain evidence." *Id.* at 1.[1] Mr. Cao never filed a response to this Motion.

For the reasons explained below, the Motion is granted in part and denied in part.

---

[1] The opening sentence of the Motion is the only time Plaintiff cites D. Kan Rule 11.1, and Plaintiff does not cite to any specific provisions or sanctions under Rule 11.1. *See generally* ECF No. 80. Even if Plaintiff did, the sanctions Plaintiff seeks under Rule 37(b)(2)(A) substantially mirror those that are available under D. Kan. Rule 11.1. *Compare* D. Kan. Rule 11.1(b)(1)-(2) *with* Fed. R. Civ. P. 37(b)(2)(A)(i)-(ii). The Court therefore only addresses Plaintiff's request for sanctions under Rule 37(b)(2)(A).

# I.   FACTUAL AND PROCEDURAL BACKGROUND

## A.   Plaintiff's Complaint

On July 28, 2023, Plaintiff United States Department of Labor ("Plaintiff" or "DOL") filed a complaint naming three Defendants: Mr. Cao; and two corporate Defendants, Mr. Cao's LLC d/b/a Mr. Cao Japanese Steakhouse, and Caozheng Corporation d/b/a/ Daimaru Steakhouse (collectively the "Corporate Defendants").  ECF No. 1.  According to the complaint, Plaintiff DOL conducted investigations of Defendants for compliance with the Fair Labor Standards Act ("FLSA").  *Id.* at 2.  DOL's investigations reviewed Defendants' employment and pay practices during several time periods from July 29, 2018, through August 30, 2020.  *Id.*  As a result of those investigations, DOL alleges that Defendants violated various sections of the FLSA and the Families First Coronavirus Response Act ("FFCRA").  *See id.* at 3-7.

Regarding the FLSA violations, DOL alleges Defendants violated:

- Sections 203(m)(2)(B) and 206 of the FLSA when they unlawfully kept employees' tips, operated an illegal tip pool, and shared tips with employees employed in non-tipped roles;

- Sections 206 and 215(a)(2) of the FLSA when they failed to pay their employees at least $7.35 per hour at times when Defendants were not eligible to claim a tip credit against their minimum wage obligations;

- Sections 207 and 215(a)(2) of the FLSA when they failed to pay their non-exempt employees one-and-one-half times their regular rates for hours worked in excess of 40 in a workweek;

- Sections 211 and 215(a) of the FLSA when they failed to keep complete and accurate records of the hours worked by certain Mr. Cao's employees and certain Daimaru employees; and

- Sections 212(c) and 215(a)(4) of the FLSA when they employed minors under 16 years of age in an enterprise

> engaged in commerce or in the production of goods for commerce in violation of Child Labor Regulation No. 3, 29 C.F.R. § 570.35.

*Id.* at 3-5.

### B.      Plaintiff's Written Discovery Requests

On November 8, 2022, the Court held a scheduling conference and entered the scheduling order.  ECF Nos. 23-24.  At that time and as reflected in the scheduling order, all Defendants were represented by counsel.  ECF No. 24 at 1.

On February 3, 2023, the parties served their first sets of discovery requests.  ECF Nos. 33-34.  Plaintiff served interrogatories, requests for production ("RFP") and requests for admissions on each Defendant.  ECF No. 33.

On March 14, 2023, before any written discovery responses were served, the parties jointly moved to stay proceedings to allow Defendants to produce certain financial records to Plaintiff.  ECF No. 36.  On March 17, 2023, the Court granted the motion, and the case was stayed initially for 90 days, ECF No. 38, and then for an additional 30 days.  ECF No. 40.

While the case was stayed, all counsel for Defendants withdrew their appearances leaving all three Defendants unrepresented as of July 7, 2023.  ECF Nos. 43, 50.  No new counsel has appeared for either Mr. Cao or the Corporate Defendants.  While Mr. Cao has chosen to proceed pro se and represent himself in federal court, the Corporate Defendants' failure to retain replacement counsel is subject to a separate, contemporaneous order.[2]

---

[2]      On November 16, 2023, Plaintiff filed a motion seeking sanctions and a clerk's entry of default against the Corporate Defendants for their failure to retain counsel, their failure to defend in this litigation and their failures to comply with the Court's orders.  ECF No. 77; *see also* ECF Nos. 43 at 2, 50 at 2, and 54 at 1 n.1 (orders containing deadlines to retain counsel and reminding the Corporate Defendants of their obligation to retain counsel).  The Court is addressing that motion in a separate, contemporaneously filed order.

### C.       Mr. Cao's Conduct During Discovery

After the stay expired and because all Defendants were then without counsel, the Court held a status conference on July 19, 2023.  ECF Nos. 51, 53.  Plaintiff and Mr. Cao appeared, but the Corporate Defendants did not.  During the status conference, the Court discussed Mr. Cao's obligations to respond to discovery in this litigation, including responding to Plaintiff's first set of discovery requests.  Because the Corporate Defendants were no longer participating in this litigation, the Court discussed with Mr. Cao the information and documents he has in his possession, custody, or control.  Plaintiff indicated an intention to send new written discovery requests to Mr. Cao seeking that information.

On August 4, 2023, Plaintiff served a second set of interrogatories and a second set of requests for production on Mr. Cao.  ECF No. 56.  Included in Plaintiff's second set of discovery requests were 34 requests for production of documents.  ECF No. 80-1 (requests No. 8 through No. 41).  Plaintiff requested documents and information in Mr. Cao's possession, custody, or control, including tax returns for the Corporate Defendants, records reflecting the times that certain employees worked, and payroll records showing the wages and tips paid to certain employees.  *Id.*

Following service of Plaintiff's second set of discovery requests to Mr. Cao, the Court conducted three separate telephonic conferences to discuss Mr. Cao's continuing failure to timely produce responsive documents and information to Plaintiff's first and second sets of discovery requests and his violations of multiple Court orders.  These conferences occurred on: September 28, 2023, ECF No. 61; October 18, 2023, ECF No. 65; and October 26, 2023, ECF No. 69.  With regard to the October 26, 2023 conference, Mr. Cao did not appear and never provided an explanation for his failure to appear.  *See* ECF No. 70.  Mr. Cao's failures to comply with his

discovery obligations and comply with the Court's orders are additionally discussed in the following orders, which are incorporated herein by reference:

- ECF No. 58 (order granting unopposed motion for extension of time for Plaintiff to file discovery motion concerning Mr. Cao's August 20, 2023 discovery responses to Plaintiff's first set of discovery requests and his failure to provide any responses to Plaintiff's second set of discovery requests);

- ECF No. 62 (order following September 28, 2023 discovery conference ordering Mr. Cao to produce documents in response to Plaintiff's first set of RFPs, respond to Plaintiff's second set of discovery requests on or before October 12, 2023, and finding that Mr. Cao waived any objections to Plaintiff's second set of discovery requests because he did not serve any responses by the deadline);

- ECF No. 66 (order following October 18, 2023 discovery conference ordering Mr. Cao to produce the documents discussed during the conference no later than October 23, 2023, and ordering him to serve written responses to Plaintiff's second set of RFPs on or before October 25, 2023); and

- ECF No. 70 (order following October 26, 2023 discovery conference finding that Mr. Cao failed to appear for the conference, failed to produce all the documents he was previously ordered to produce, and failed to serve written responses to Plaintiff's second set of discovery requests by the Court's previous deadlines).

Following Mr. Cao's failure to appear at the October 26, 2023 discovery conference, the Court entered an order suspending all remaining deadlines to permit Plaintiff to obtain some of the outstanding documents Mr. Cao had refused to produce via subpoenas to third parties. *Id.* On October 31, 2023, Plaintiff filed several notices of intent to serve subpoenas duces tecum to third parties in an attempt to obtain those documents. ECF Nos. 71-75.

On November 8, 2023, the Court ordered Mr. Cao to show cause in writing why the Magistrate Judge should not recommend that he be sanctioned under Rules 16 and/or 37 for his failures to comply with the Federal Rules of Civil Procedure and failures to comply with the Court's orders. ECF No. 76. The Court detailed the relevant procedural history in the show-cause

order, which again is incorporated by reference here.  *Id.* at 1-6.  Mr. Cao did not respond to the

Court's order to show cause by the December 1, 2023 deadline and has never responded to the

show-cause order.[3]

### D.      Plaintiff's Motion for Sanctions Against Mr. Cao

On December 11, 2023, Plaintiff filed this Motion.  ECF No. 80.  Plaintiff states that on

November 15, 2023, Plaintiff and Mr. Cao communicated via email and phone to discuss the

outstanding discovery.  *Id.* at 7.  On November 16, 2023, Mr. Cao provided responses to Plaintiff's

second request for production and some additional documents.  *Id.*  At the time it filed its Motion,

Plaintiff alleged that it was still missing the following requested documents in response to

Plaintiff's second set of RFPs:[4]

- **RFP No. 10:** Mr. Cao Japanese Steakhouse – Clock-in/clock-out records from July 26, 2020, to present (such records were produced during the investigation periods prior to Plaintiff filing the complaint but not during the litigation);

- **RFP No. 12:** Daimaru Steakhouse – Clock-in/clock-out records from September 1, 2020, to present (such records were produced during the investigation periods prior to Plaintiff filing the complaint but not during the litigation);

- **RFP No. 14:** Mr. Cao Japanese Steakhouse payroll records – Payroll export spreadsheets dating from July 26, 2020, to present; Payroll Journal Reports dating from September 1, 2020, to present; Payroll Register Reports dating from September 1, 2020, to present;

- **RFP No. 16:** Daimaru Steakhouse payroll records – Payroll export spreadsheets dating from September 1, 2020, to March 31, 2022; Payroll

---

[3]      As reflected on the docket, the Court mailed the show-cause order directly to Mr. Cao.  ECF No. 76.  Plaintiff additionally provided Mr. Cao with a copy of the Court's order to show cause on November 15, 2023, and reminded him of the Court's December 1, 2023 deadline to respond.  *Id.* at 7-8.

[4]      Plaintiff does not move for sanctions based on any continued failure by Mr. Cao to respond to Plaintiff's first set of discovery requests.  *See generally* ECF No. 80.

Journal Reports dating from September 1, 2020, to September 30, 2020, and April 1, 2022, to present; Payroll Register Reports dating from September 1, 2020, to September 30, 2020, and April 1, 2022, to present;

- **RFP No. 19:** Mr. Cao Japanese Steakhouse tip records – any ledgers related to tips received by employees dating from July 29, 2018, to present;

- **RFP No. 20:** Daimaru Steakhouse tip records – any ledgers related to tips received by employees dating from September 3, 2018, to present;

- **RFP No. 23:** Daimaru Steakhouse – The documents that reflect the paid sick leave paid to two named employees at any time since December 1, 2020;

- **RFP No. 24:** Mr. Cao Japanese Steakhouse – records maintained between July 29, 2018, and July 25, 2020, sufficient to show the dates of birth of four named minor employees;

- **RFP No. 26:** Daimaru Steakhouse Employee Handbooks in effect between 2018 and 2022 Mr. Cao Japanese Steakhouse Employee Handbooks in effect between 2018 and the present; and

- **RFP No. 38:** Since July 29, 2018, communications with and invoices from a human resources consulting company that represented defendants during the WHD investigations.

*Id.*

Plaintiff argues that Mr. Cao should be sanctioned pursuant to Rule 37(b)(2)(A) and/or Rule 16(f) for his failures to obey the Court's discovery orders and failure to appear at the October 26, 2023 discovery conference because such conduct has "interfered with the Acting Secretary's ability to obtain basic information in support of her claims, particularly on continuing FLSA violations at the restaurants and calculation of damages following the [ ] investigation periods." *Id.* at 9. Moreover, Plaintiff alleges that it has "been forced to expend additional time and resources seeking this discovery via third-party subpoenas" and the Court has been forced to "expend significant time and resources holding discovery conferences that would not have been necessary had [Mr. Cao] complied with the Court's Order issued on September 28, 2023." *Id.*

Pursuant to the Motion, Plaintiff requests that for the purposes of this action, including summary judgment and trial, the Court find that the following six categories be established facts (the "Fact Categories"):

1.      that Mr. Cao Japanese Steakhouse did not make, keep, or preserve records showing the times each of the employees of Mr. Cao Japanese Steakhouse started and stopped work each workday since July 26, 2020 (i.e., documents that should have been produced in response to RFP No. 10);

2.      that Daimaru Steakhouse did not make, keep, or preserve records showing the times each of the employees of Daimaru Steakhouse started and stopped work each workday since September 1, 2020 (i.e., documents that should have been produced in response to RFP No. 12);

3.      that Mr. Cao Japanese Steakhouse did not make, keep, or preserve payroll records showing the wages, salaries, and tips paid to each of its employees, whether by cash, check, or direct deposit for the period since September 1, 2020 (i.e., documents that should have been produced in response to RFP No. 14);

4.      that Mr. Cao Japanese Steakhouse did not make, keep, or preserve records showing the weekly or monthly amount of tips received as reported to Mr. Cao Japanese Steakhouse by each of its tipped employees for whom a tip credit was claimed, for the period of July 29, 2018, to July 25, 2020 (i.e., documents that should have been produced in response to RFP No. 19);

5.      that Daimaru Steakhouse did not make, keep, or preserve records showing the weekly or monthly amount of tips received as reported to Daimaru Steakhouse by each of its tipped employees for whom a tip credit was claimed, for the period of September 3, 2018, to August 31, 2020 (i.e., documents that should have been produced in response to RFP No. 20); and

6.      that Daimaru Steakhouse did not make, keep, or preserve records reflecting any sick leave paid to Phitsamone Nouanlasy and Changseng Boutdara at any time since December 1, 2020 (i.e., documents that should have been produced in response to RFP No. 23).

*Id.* at 10-15.  Plaintiff also requests that Mr. Cao be precluded from offering evidence to contradict or negate four categories of evidence (the "Evidence Categories") Plaintiff may introduce:

1.      to show the times each of the employees of Mr. Cao Japanese Steakhouse started and stopped work each workday since July 26, 2020 (i.e., documents that should have been produced in response to RFP No. 10);

2.      to show the times each of the employees of Daimaru Steakhouse started and stopped work each workday since September 1, 2020 (i.e., documents that should have been produced in response to RFP No. 12);

3.      to show the wages, salaries, and tips paid to employees of Mr. Cao Japanese Steakhouse since September 1, 2020 (i.e., documents that should have been produced in response to RFP No. 14); and

4.      to show any sick leave paid to Phitsamone Nouanlasy and Changseng Boutdara since December 1, 2020 (i.e., documents that should have been produced in response to RFP No. 23).

*Id.*

### E.      Current Status of Discovery

On February 22, 2024, the Court entered an order requiring Plaintiff to file a new status report on or before February 27, 2024, updating the Court on: "(1) what discovery remains outstanding, if any, and an estimated time to complete such discovery; (2) what discovery, if any, Plaintiff was unable to obtain; and (3) whether Defendant Jason Cao's deposition has occurred and if not, when it is scheduled to occur."  ECF No. 82.

On February 23, 2024, Plaintiff filed a status report indicating that document production related to the subpoenas is complete, which means that "[n]o discovery remains outstanding," and Mr. Cao's deposition took place on January 31, 2024.  ECF No. 83 at 1-2.  Plaintiff also confirmed that Mr. Cao still has not produced the documents described in the section above that were requested in response to Plaintiff's second RFPs.  *Id.*  Mr. Cao, however, admitted in his deposition that sick leave was not paid regarding the two named employees in RFP No. 23.  *Id.* at 2.

On February 26, 2024, the Magistrate Judge sent an email to the parties and asked Plaintiff for clarification regarding what requested documents and information, if any, Plaintiff was unable to obtain from any source.  The Court specifically inquired as to whether Plaintiff was able to obtain any of the documents sought in its second RFPs through its third-party subpoenas.  If so,

the Court asked Plaintiff to clarify what discovery, if any, it ultimately was unable to obtain from any source.

On February 27, 2024, Plaintiff responded by email and included a chart with an update of what documents Plaintiff sought but had not obtained from Mr. Cao that ultimately were produced by third parties.  For the clarity of the record, the Court copies and pastes in its entirety the chart Plaintiff provided in that email (all emphasis original):

| RFP# | Documents still not produced by Jason Cao: | Were documents produced by third parties? |
|------|--------------------------------------------|-------------------------------------------|
| 10 | Mr. Cao Japanese Steakhouse – Clock-in/clock out records from 7/26/2020 to present (such records were produced during the investigation) | Yes. |
| 12 | Daimaru Steakhouse – Clock-in/clock out records from 9/1/2020 to present (such records were produced during the investigation) | Yes, in part.<br><br>**Plaintiff was unable to obtain Daimaru Steakhouse clock-in/clock-out records dating from 9/1/2020 to 6/30/2022.** |
| 14 | Mr. Cao Japanese Steakhouse payroll records – Payroll export spreadsheets dating from 7/26/2020 to present; Payroll Journal Reports dating from 9/1/2020 to present; Payroll Register Reports dating from 9/1/2020 to present | Yes. |
| 16 | Daimaru Steakhouse payroll records – Payroll export spreadsheets dating from 9/1/2020 to 3/31/2022; Payroll Journal Reports dating from 9/1/2020 to 9/30/2020 *and* 4/1/2022 to present; Payroll Register Reports dating from 9/1/2020 to 9/30/2020 *and* 4/1/2022 to present | Substantially yes. |

| RFP# | Documents still not produced by Jason Cao: | Were documents produced by third parties? |
|------|---------------------------------------------|-------------------------------------------|
| 19 | Mr. Cao Japanese Steakhouse tip records – any ledgers related to tips received by employees dating from 7/29/2018 to present (Defendant Jason Cao discussed spreadsheets used to calculate tip pool contributions and distributions during his deposition) | Plaintiff requested post-investigation records (from 7/2020 through the date of production) from third parties, and received the requested records.<br><br>**Plaintiff requested these tip-related records for the investigation period (7/29/2018-7/25/2020) from Jason Cao, but the records were not produced.** |
| 20 | Daimaru Steakhouse tip records – any ledgers related to tips received by employees dating from 9/3/2018 to present (Defendant Jason Cao discussed spreadsheets used to calculate tip pool contributions and distributions during his deposition) | Plaintiff requested post-investigation records (from 7/2020 through the date of production) from third parties, and received the requested records.<br><br>**Plaintiff requested these tip-related records for the investigation period (9/3/2018-8/31/2020) from Jason Cao, but the records were not produced.** |
| 24 | Mr. Cao Japanese Steakhouse – records maintained between July 29, 2018 and July 25, 2020 sufficient to show the dates of birth of four named minor employees | Plaintiff did not request these records from third parties.<br><br>**Plaintiff requested these records from Jason Cao, but the records were not produced.** |
| 26 | Daimaru Steakhouse Employee Handbooks in effect between 2018 and 2022 | Plaintiff did not request these records from third parties.<br><br>**Plaintiff requested these records from Jason Cao, but the records were not produced.** |
| 38 | Since July 29, 2018, communications with and invoices from a human resources consulting company that represented defendants during the Wage and Hour investigations | Yes. |

In Plaintiff's February 27, 2024 email, Plaintiff also clarified that Mr. Cao testified in his deposition that there were no handbooks for Mr. Cao's Japanese Steakhouse restaurant, which were documents sought by RFP No. 26. Finally, on February 28, 2024, Plaintiff sent a follow-up

email to the Magistrate Judge's chambers indicating that Mr. Cao produced Mr. Cao Japanese

Steakhouse payroll journal reports and payroll register reports dating from September 1, 2020, to

November 6, 2023, documents that should have been produced in response to RFP No. 14.

      This Motion is now before the Court.

## II.    LEGAL STANDARD

      Under Rule 37(b)(2)(A) the Court may sanction a party who fails to obey an order to

provide discovery. Those sanctions include:

> (i) directing that the matters embraced in the order or other
> designated facts be taken as established for purposes of the action,
> as the prevailing party claims;
>
> (ii) prohibiting the disobedient party from supporting or opposing
> designated claims or defenses, or from introducing designated
> matters in evidence[.]

Fed. R. Civ. P. 37(b)(2)(A). The Court also may sanction a party under Rule 37(b)(2)(A)(ii)-(vii)

for failing to appear at pretrial conferences or failing to obey a pretrial order. Fed. R. Civ. P.

16(f)(1)(A). While the Court recognizes that Mr. Cao proceeds pro se, "even pro se litigants are

not immune from sanctions for failing to obey a discovery order." *Villanueva Echon v. Sackett*,

809 F. App'x 468, 471 (10th Cir. 2020).

## III.    DISCUSSION

### A.    Mr. Cao's Conduct is Sanctionable

      To begin, the Court finds that Mr. Cao's conduct during discovery, as described above,

constitutes sanctionable conduct under Rules 16(f) and 37(b)(2)(A). Mr. Cao failed to obey two

Court orders directing him to provide documents within his possession, custody, or control in

response to Plaintiff's second RFPs. ECF Nos. 62, 66. Mr. Cao never explained his failures to

produce these responsive documents because he (1) failed to appear at the October 26, 2023

discovery conference as ordered, and (2) failed to respond to the Court's November 8, 2023 order to show cause.  ECF No. 76.  Moreover, Mr. Cao never responded to this Motion.

To date, Mr. Cao has never provided any justification for his multiple failures to obey this Court's orders and comply with the Federal Rules of Civil.[5]  Over four months have passed since the Court's October 23, 2023 deadline for Mr. Cao to produce documents in response to Plaintiff's second RFPs.  ECF No. 66.  The Court finds that Mr. Cao has failed to substantially respond to Plaintiff's second RFPs despite being ordered to do, and despite repeated attempts by Plaintiff to elicit responses.  Such conduct warrants sanctions.  *See, e.g., Sweet Craft Ltd. v. Operational Sols., Inc.*, No. 14-2187-SAC, 2015 WL 1735077, at *3 (D. Kan. Apr. 16, 2015) (sanctions were warranted against the defendants for failure to produce documents as previously ordered when they offered "no explanation for their actions and no promise to participate in discovery in the future."); *Harley-Davison Credit Corp. v. Flint*, No. 13-CV-2026-KHV-TJJ, 2014 WL 958715, at *1 (D. Kan. Mar. 12, 2014) (sanctions were warranted against the defendants after nearly a month a passed since the court's deadline for defendants to respond to the plaintiff's written discovery requests).

---

[5]      D. Kan. Rule 7.1(c) states that "[i]f a response is not filed by the applicable deadline, the court will consider and decide the motion as an uncontested motion.  Ordinarily, the court will grant the motion without further notice."  While Mr. Cao's lack of any opposition to the Motion alone is a basis to grant the Motion, the Court nonetheless will analyze whether the sanctions Plaintiff requests are appropriate given Mr. Cao's conduct during discovery because a court "may still deny [an uncontested] motion where it finds the relief requested to be inappropriate."  *Quality Tr., Inc. v. Cajun Contractors, Inc.*, No. 04-4157-SAC, 2006 WL 749347, at *1 (D. Kan. Mar. 21, 2006) (citing *Green v. Dean*, No. 03-3225-JWL, 2005 WL 1806427, at *1 n.2 (D. Kan. Aug. 1, 2005) ("While uncontested motions are ordinarily granted, they are not invariably granted.")).

### B.       Plaintiff's Requested Sanctions

Ultimately, Plaintiff requests two sanctions for Mr. Cao's failure to fully respond to Plaintiff's second RFPs.  *First*, Plaintiff requests that the Court direct that the six Fact Categories listed above be established for summary judgment purposes and at trial.  ECF No. 80 at 1.  *Second*, Plaintiff requests that the Court prohibit Mr. Cao from offering evidence to contradict or negate its evidence with regard to the four Evidence Categories listed above.  *Id.*

"Determination of the correct sanction for a discovery violation is a fact-specific inquiry that the district court is best qualified to make."  *Ehrenhaus v. Reynolds*, 965 F.2d 916, 920 (10th Cir. 1992).  The imposition of discovery sanctions under Rule 37 is committed to the discretion of the Court.  *See Freddie v. Marten Transp., Ltd.*, 428 F. App'x 801, 803 (10th Cir. 2011) ("We review the district court's imposition of discovery sanctions, whether under Rule 37 or the court's inherent authority, for abuse of discretion."); *Lee v. Max Int'l, LLC*, 638 F.3d 1318, 1320 (10th Cir. 2011) ("We view challenges to a district court's discovery sanctions order with a gimlet eye. We have said that district courts enjoy 'very broad discretion to use sanctions where necessary to insure . . . that lawyers and parties . . . fulfill their high duty to insure the expeditious and sound management of the preparation of cases for trial.'"  (quoting *In re Baker*, 744 F.2d 1438, 1440 (10th Cir. 1984) (en banc))).  "The district court's discretion to choose a sanction is limited in that the chosen sanction must be both 'just' and 'related to the particular 'claim' which was at issue in the order to provide discovery.'"  *Ehrenhaus*, 965 F.2d at 920 (quoting *Insurance Corp. of Ireland v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 707 (1982)).

The Court is mindful that any chosen sanction "should always be measured, proportionate, and in the interests of justice."  *In re Homeadvisor, Inc. Litig.*, No. 16-CV-01849-PAB-KLM, 2023 WL 196414, at *28 (D. Colo. Jan. 16, 2023) (relying on *Sours* v. *Glanz*, 24 F. App'x 912, 915

(10th Cir. 2001), which stated that any "discovery sanction must be measured").  In conducting this review, the Court also considers what the Tenth Circuit says is the purpose in imposing sanctions: "(1) deterring future litigation abuse, (2) punishing present litigation abuse, (3) compensating victims of litigation abuse, and (4) streamlining court dockets and facilitating case management."  *White v. Gen. Motors Corp.*, 908 F.2d 675, 683 (10th Cir. 1990); *see also In re Indep. Serv. Organizations Antitrust Litig.*, 85 F. Supp. 2d 1130, 1162 n.20 (D. Kan. 2000) ("While *White* involved sanctions under Rule 11, its principles apply equally to sanctions under Rules 26 and 37.").  "[T]he primary goal of sanctions is to deter misconduct."  *Roadbuilders Mach. & Supply Co. v. Sandvik Mining & Constr. USA, LLC*, No. 2:22-CV-2331-HLT-TJJ, 2024 WL 68366, at *8 (D. Kan. Jan. 5, 2024), *reconsideration denied sub nom.* 2024 WL 757154 (D. Kan. Feb. 23, 2024) (citing *White*, 908 F.2d at 683).

### 1.    Directing Certain Fact Categories Be Established

For the reasons explained below, the Court does not find that establishing as fact for the purposes of summary judgment and trial any of the six Fact Categories is a just sanction.[6]

Ultimately, while Mr. Cao's production of responsive information was both incomplete and untimely, Plaintiff was able to cure many of Mr. Cao's failures because of documents produced via third-party subpoenas, documents which Plaintiff can use to support its claims on the merits.

---

[6]    Plaintiff states that Mr. Cao should be sanctioned "under Rule 37 and/or Rule 16." ECF No. 80 at 9.  Plaintiff, however, does not specify what conduct warrants sanctions under what rule.  While Rule 16(f) allows the Court to enter any just order for Mr. Cao's failures to obey the Court's orders or appear at a pretrial conference, including those authorized by Rule 37(b)(2)(A)(ii)-(vii), directing that certain facts be established for purposes of summary judgment and trial appears in subsection (i) of Rule 37(b)(2)(A).  The Court notes it is sanctioning Mr. Cao for his conduct as a whole, including his failure to attend the October 26, 2023, and respond to the Court's November 8, 2023 order to show cause, rather than just for his violations of the Court's orders directing him to provide documents in response to Plaintiff's second RFPs.

The Court cannot find that deeming these facts as established for purposes of summary judgment and trial would deter any future litigation abuse because Plaintiff states that no discovery remains outstanding.  ECF No. 83 at 1.  Moreover, Mr. Cao appeared for his deposition, which resolved some of these discovery disputes and this case can move forward.  To be clear, the Court does not condone Mr. Cao's behavior and will enter appropriate sanctions for his wrongdoing as described below.  But the Court does not believe that establishing all of the Fact Categories requested by Plaintiff is the appropriate or just sanction against a pro se Defendant who has made some attempts throughout the litigation to produce responsive information and when Plaintiff ultimately was able to obtain this information from other sources.

### a.      Fact Categories 1 and 2

In Fact Categories 1 and 2, Plaintiff requests that the Court establish, for the purposes of summary judgment and trial, that: Mr. Cao Japanese Steakhouse did not make, keep, or preserve records showing the times its employees started and stopped working each workday since July 26, 2020; and that Daimaru Steakhouse did not make, keep, or preserve records showing the times its employees started and stopped working each workday since September 1, 2020.  ECF No. 80 at 10-11.  The Court denies this request.  Plaintiff admits that the Corporate Defendants had kept such records, and that such records were produced to Plaintiff during DOL's pre-lawsuit investigation.  ECF *Id.* at 7 (RFP Nos. 10 and 12, "such records were produced during the investigation").  In addition to the records Plaintiff obtained pre-suit, Plaintiff received such documents, in part, via third-party subpoenas.  At most, Plaintiff alleges that Mr. Cao has failed to re-produce these same records in this case.

The Court declines to enter a sanction when Plaintiff is in possession of responsive information that indicates that the Corporate Defendants did keep at least some records, even if

Mr. Cao should have re-produced the same documents in this litigation.  The Court therefore denies the Motion to the extent Plaintiff seeks to establish Fact Categories 1 and 2.

### b.    Fact Category 3

Regarding Fact Category 3, Plaintiff requests that the Court establish that Mr. Cao Japanese Steakhouse did not make, keep, or preserve payroll records showing the wages, salaries, and tips paid to each of its employees, whether by cash, check, or direct deposit for the period since September 1, 2020.  *Id.* at 12-13; *see* ECF No. 80 at 7 (documents that should have been produced in response to RFP No. 14).  The Court denies this request because Plaintiff confirmed in its February 27, 2024 email that it has received Mr. Cao Japanese Steakhouse's payroll records from third parties.  In addition, in Plaintiff's February 28 email, Plaintiff confirmed Mr. Cao produced documents as requested in RFP No. 14, albeit these records were produced four months late.  The Court declines to enter a sanction when Plaintiff is in possession of the responsive information indicating that records were kept, even if Mr. Cao should have timely produced these documents. The Court therefore denies the Motion to the extent Plaintiff seeks to establish Fact Category 3.

### c.    Fact Categories 4 and 5

Regarding Fact Categories 4 and 5, Plaintiff requests that the Court establish that Mr. Cao Japanese Steakhouse did not make, keep, or preserve records showing the weekly or monthly amount of tips received as reported to Mr. Cao Japanese Steakhouse by each of its tipped employees for whom a tip credit was claimed, for the period of July 29, 2018, to July 25, 2020. ECF No. 80 at 7, 14 (documents that should have been produced in response to RFP No. 19). Plaintiff requests that the Court find the same for Daimaru Steakhouse, but for the period September 3, 2018, to August 31, 2020.  *See id.* (documents that should have been produced in response to RFP No. 20).  The Court also denies this request.

In Plaintiff's February 27, 2024 email, Plaintiff states that it only requested post-investigation period tip-related records (i.e., records from July 2020 through the date of production) from third parties.  Plaintiff states that it received the requested records for both Mr. Cao Japanese Steakhouse and Daimaru Steakhouse for this requested time period.  But Plaintiff did not seek such records from the earlier time period and there is no explanation for why Plaintiff did not seek these records from third parties.  Rather, Plaintiff states that it requested these records during the respective time periods from only Mr. Cao, who did not produce them.

The Court declines to establish Fact Categories 4 or 5.  While Mr. Cao should have produced these requested records, these types of records appear to be in the possession, custody, or control of third parties as demonstrated by Plaintiff's ability to obtain similar records from a related time period.  The Court will not establish that the Corporate Defendants wholly failed to make, keep, or preserve records regarding tips from that entire time period when Plaintiff is in possession of documents that contradict that assertion, at least in part.  The Court therefore denies the Motion to the extent Plaintiff seeks to establish Fact Categories 4 and 5.

### d.    Fact Category 6

Regarding Fact Category 6, Plaintiff requests that the Court establish that Daimaru Steakhouse did not make, keep, or preserve records reflecting any sick leave paid to Phitsamone Nouanlasy and Changseng Boutdara at any time since December 1, 2020.  *Id.* at 15; *see id.* at 7 (documents that should have been produced in response to RFP No. 23).  The Court does not find that this sanction is necessary because Plaintiff states that Mr. Cao clarified in his January 31, 2024 deposition that this sick leave was never paid.  ECF No. 83 at 2.  Plaintiff can use this testimony for the purpose of summary judgment and trial.  The Court therefore denies the Motion with regard to Fact Category 6.

### 2.   Preclusion of Certain Evidence Categories

Plaintiff additionally requests that Mr. Cao be precluded from offering evidence to contradict or negate Plaintiff's evidence with regard to four Evidence Categories listed above. The Court finds that precluding Mr. Cao from introducing evidence to contract Plaintiff's evidence as to all four Evidence Categories is a just sanction to punish him for his discovery violations.

As explained above, Mr. Cao was given multiple opportunities to comply with his discovery obligations. Yet, Mr. Cao continued to violate those obligations and the Court's orders with regard to these Evidence Categories, all of which are directly related to Plaintiff's claims. *See In re Indep. Serv. Organizations Antitrust Litig.*, 85 F. Supp. 2d at 1162 ("Although the decision to exclude evidence is a drastic sanction, *e.g., Summers v. Missouri Pac. R.R. Sys.,* 132 F.3d 599, 604 (10th Cir. 1997), plaintiff must abide by the same rules as other litigants."); *United States v. Rapower-3, LLC*, 470 F. Supp. 3d 1232, 1253 n.135 (D. Utah 2020) (collecting Circuit cases affirming or district courts cases sanctioning parties by barring a disobedient party from presenting evidence on which they had failed to produce documents).

Mr. Cao's failure to produce the requested documents was not due to, for example, a "technical oversight" which was cured by "supplemental document productions." *Radiologix, Inc. v. Radiology & Nuclear Med., LLC*, No. 15-4927-DDC-KGS, 2019 WL 354972, at *7 (D. Kan. Jan. 29, 2019) (failure to produce documents because of a technological error did not warrant sanctions when plaintiffs worked quickly to determine what caused the error and ended up producing more discovery to defendant to cure the oversight). As stated throughout this Order, Mr. Cao was given multiple chances to timely produce responsive documents or explain why he was unable to do so. He chose to do neither. "Parties cannot fail to produce highly relevant documents within their possession with impunity. Parties cannot be permitted to jeopardize the

integrity of the discovery process by engaging in halfhearted and ineffective efforts to identify and produce relevant documents." *Cardenas v. Dorel Juv. Grp., Inc.*, No. CV.A.04-2478 KHV-DJW, 2006 WL 1537394, at *6 (D. Kan. June 1, 2006) (internal quotations omitted).  This sanction will also ensure that Plaintiff is not unduly surprised by documents Mr. Cao chose to withhold that Plaintiff was unable to obtain via third-party subpoenas.

The Court therefore grants the Motion to the extent Mr. Cao is precluded from offering evidence to contradict or negate Plaintiff's evidence on all four Evidence Categories.

### C.    The *Ehrenhaus* Factors

The Court recognizes that the preclusion of evidence is a harsh sanction.  *See Gates Rubber Co. v. Bando Chem. Indus., Ltd.*, 167 F.R.D. 90, 106 (D. Colo. 1996) ("Sanctions which preclude the admission of certain evidence . . . operate in the same fashion as a default judgment."). Moreover, there is a strong predisposition to resolve cases on the merits.  *See HCG Platinum, LLC v. Preferred Prod. Placement Corp.*, 873 F.3d 1191, 1200-04 (10th Cir. 2017) (explaining that the "decision to exclude evidence is a drastic sanction" in light of the "judicial system's strong predisposition to resolve cases on their merits") (quotation omitted).  Although Plaintiff does not allege that its requested sanctions are case dispositive, preventing Mr. Cao from contradicting or negating Plaintiff's evidence with regard to four Evidence Categories listed above may be case dispositive for at least some of Plaintiff's allegations that Defendants violated the FLSA.[7]

---

[7]    *See, e.g.,* ECF No. 1 at 3-4 (Plaintiff alleges Defendants violated multiple sections of the FLSA for their failure to pay employees minimum wage and overtime, and that they unlawfully kept employee tips.  Under Evidence Category 3, Mr. Cao will be precluded from offering evidence to contradict or negate Plaintiff's evidence showing the wages, salaries and tips paid to Mr. Cao Japanese Steakhouse employees).

Districts courts within the Tenth Circuit apply the *Ehrenhaus* factors to determine whether dispositive sanctions are appropriate under Rule 37 for discovery violations.   *See Jefferson v. Amsted Rail Co., Inc.*, No. 18-2620-KHV, 2019 WL 6117973, at *4 (D. Kan. Nov. 18, 2019) ("To determine whether a [party's] discovery violations and/or noncompliance with court orders warrants dismissal as a sanction, the court must weigh the five factors set out by the Tenth Circuit in *Ehrenhaus v. Reynolds* . . .").  But district courts within the Tenth Circuit have also applied the *Ehrenhaus* factors to determine the appropriateness of even non-dispositive sanctions under Rule 37(b).  *See Villanueva*, 809 F. App'x at 472 (which observed that while "the Tenth Circuit cautioned in [*Ehrenhaus*] that the five listed factors should ordinarily be considered before choosing dismissal as a sanction . . . there is nothing in [*Ehrenhaus*] which suggests that the Court intended to restrict trial courts to a consideration of these factors in *only* those cases which involve dispositive sanctions."  (emphasis original and citations omitted)); *see also In re Homeadvisor, Inc. Litig.*, 2023 WL 196414, at *28 (collecting cases where district courts considered *Ehrenhaus* factors when dismissal was not sought as a sanction).

The *Ehrenhaus* factors are: "(1) the degree of actual prejudice to the [movant];" "(2) the amount of interference with the judicial process;" "(3) the culpability of the litigant;" "(4) whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance;" "and (5) the efficacy of lesser sanctions."  *Ehrenhaus*, 965 F.2d at 921.  When "a dispositive sanction is not at issue . . . the first three *Ehrenhaus* factors are the relevant ones."  *Markham v. Nat'l States Ins. Co.*, No. CIV.02-1606-F, 2004 WL 3019308, at *12 (W.D. Okla. Jan. 8, 2004).  The *Ehrenhaus* "factors do not constitute a rigid test; rather, they represent criteria for the district court to consider prior to imposing" a sanction.  *Ehrenhaus*, 965 F.2d at 921; *see also Lee*, 638 F.3d at 1323 ("The *Ehrenhaus* factors are simply a non-exclusive list of sometimes-

helpful 'criteria' or guide posts the district court may wish to 'consider' in the exercise of what must always remain a discretionary function."). "The court should ordinarily evaluate these factors on the record." *Id.*

Because the sanctions Plaintiff seeks could be dispositive on at least some of Plaintiff's claims via a forthcoming motion for summary judgment, the Court considers the *Ehrenhaus* factors out of an abundance of caution, as applicable.[8]   After reviewing the record in tandem with the *Ehrenhaus* factors, the Court still finds that precluding Mr. Cao from contradicting or negating Plaintiff's evidence with regard to the four Evidence Categories is appropriate.[9]   The Court discusses each *Ehrenhaus* factor below.

---

[8]      *See Yomi v. Becerra*, No. 21-2224-DDC-ADM, 2022 WL 18356327, at *8 (D. Kan. Aug. 4, 2022) ("The other Rule 37(b)(2)(A) sanctions available to the court, such as striking Yomi's claims or deeming Becerra's defenses established, would have the same practical effect as dismissal."); *see also Story v. Bingham*, No. 23-CV-00632-NYW-KAS, 2023 WL 6622790, at *2 (D. Colo. Oct. 10, 2023) (although the court only recommended dismissal without prejudice under Rule 41(b), given that the plaintiff's claims could have been barred by the statute of limitations, the Court examined the *Ehrenhaus factors* "out of an abundance of caution."); *Alexander v. Indep. Cap. Recovery, LLC*, No. 1:22-CV-01405-LTB-SP, 2023 WL 4893175, at *3 (D. Colo. June 22, 2023), *report and recommendation adopted sub nom. Alexander v. Indep. Cap. Recovery*, No. 22-CV-01405-LTB-SP, 2023 WL 5934536 (D. Colo. Aug. 8, 2023) (same).

[9]      Because Plaintiff is not seeking default judgment, the Court does not address Mr. Cao's willfulness or bad faith. *See Klein-Becker USA, LLC v. Englert*, 711 F.3d 1153, 1159 (10th Cir. 2013) ("Default judgment is generally considered a harsh sanction that should be used only when a party's noncompliance is due to 'willfulness, bad faith, or any fault of the [disobedient party]' and not when a party is unable to comply with a discovery order." (quoting *Nat'l Hockey League v. Metro. Hockey Club, Inc.*, 427 U.S. 639, 640 (1976))).   But even if the Court were to consider Mr. Cao's willfulness, bad faith, or fault, as discussed in the section of this Order regarding Mr. Cao's culpability, "a party's thrice repeated failure to produce materials that have always been and remain within its control is strong evidence of willfulness and bad faith, and in any event is easily fault enough, we hold, to warrant dismissal or default judgment." *Lee*, 638 F.3d at 1321.   Mr. Cao has offered no explanation for his repeated failures to produce the documents Plaintiff has requested or his failure to appear at the third discovery conference.   "[N]o one, we hold, should count on more than three chances to make good a discovery obligation." *Id.*

### 1.    The degree of actual prejudice to Plaintiff

Regarding the first factor, the Tenth Circuit has "recognized prejudice from 'delay and mounting attorney's fees.'" *Faircloth v. Hickenlooper*, 758 F. App'x 659, 662 (10th Cir. 2018) (quoting *Jones v. Thompson*, 996 F.2d 261, 264 (10th Cir. 1993)).  Moreover, "[t]he withholding of evidence 'substantially prejudices an opposing party by casting doubt on the veracity of all of the culpable party's submissions throughout litigation.'" *Freddie*, 428 F. App'x at 804 (quoting *Garcia v. Berkshire Life Ins. Co. of America*, 569 F.3d 1174, 1180 (10th Cir. 2009)).

Based on the record, Plaintiff has been prejudiced.  Plaintiff has spent months attempting to obtain responsive documents regarding its second RFPs from Mr. Cao.  Plaintiff has exchanged multiple emails with Mr. Cao and met and conferred with him repeatedly over the last several months.  *See* ECF No. 80 at 3-7.  Plaintiff has had to request and attend three separate discovery conferences, ECF Nos. 59, 63, 67, and expended significant time and resources attempting to obtain information and documents from Mr. Cao, including written discovery responses.  As a result of Mr. Cao's failure to respond to Plaintiff's discovery requests and follow the Court's orders, Mr. Cao's deposition was pushed back by several months and the scheduling order deadlines ultimately were suspended.  *See* ECF Nos. 66, 70.

Moreover, Plaintiff was forced to expend additional time and resources seeking these documents via third-party subpoenas.  ECF Nos. 71-75, 79.  As described above, Plaintiff confirmed via email on February 27 and 28, 2024, that it has received some of the documents it sought from Mr. Cao from third-party subpoenas, but not all documents were received.

Mr. Cao's failure to timely produce these documents has significantly delayed Plaintiff's ability to "obtain basic information to discern the basis for [its] claims." *E. Colorado Seeds, LLC v. Agrigenetics, Inc.*, No. 21-1057, 2021 WL 6102097, at *2 (10th Cir. Dec. 23, 2021); *see also*

*Yomi*, 2022 WL 18356327, at *6 (finding that the pro se plaintiff's failure to provide meaningful discovery responses for months prejudiced the defendant by preventing the defendant from exploring basic facts about the plaintiff's claims and fully developing defenses to those claims). The Court recognizes that Mr. Cao proceeds pro se, but the fact that he is "acting pro se, and therefore is not incurring similar expenses only compounds the prejudice to [Plaintiff]." *Jefferson v. Amsted Rail Co., Inc.*, No. CV 18-2620-KHV, 2020 WL 1672665, at *5 (D. Kan. Apr. 6, 2020).

While the first *Ehrenhaus* factor weighs in favor of sanctions because Plaintiff was prejudiced by delay and incurring unnecessary costs, as discussed above, Plaintiff ultimately was able to obtain most of the information Plaintiff contends Mr. Cao should have produced in this litigation, which mitigates against some of the prejudice to Plaintiff.

### 2.    The amount of interference with the judicial process

Regarding the second factor, "[t]his factor impacts the court's ability to manage its docket and move forward with the cases before it, and it cannot do this if a party fails to respond to court orders." *Davis v. Miller*, 571 F.3d 1058, 1062 (10th Cir. 2009).  There is no question that Mr. Cao's conduct has led to unnecessary judicial intervention and interfered with the orderly and timely processing of this case.  The Court has conducted three discovery conferences regarding his failure to respond to Plaintiff's discovery requests, the last of which he failed to attend.  When the Court gave him the opportunity to explain his failure to attend a court hearing, he failed to respond to the show-cause order.  The Court had to suspend the remaining scheduling order deadlines, and this case was effectively at a standstill for four months.  *See Lee*, 638 F.3d at 1321 ("When a party feels at liberty to disobey not just a discovery request but two court orders compelling production of the same material in its control, weeks or months (as in this case) pass without progress in the litigation.").

24

Mr. Cao "repeatedly ignored court orders and thereby hindered the court's management of its docket and its efforts to avoid unnecessary burdens on the court and the opposing party." *Jones*, 996 F.2d at 265.  Recognizing that Mr. Cao is proceeding pro se, the Court did not immediately sanction Mr. Cao and instead hoped that Mr. Cao would eventually submit a response explaining his conduct or fully comply with the Court's orders.  But Mr. Cao never did, and the Tenth Circuit has "repeatedly insisted that pro se parties follow the same rules of procedure that govern other litigants." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005) (quotation omitted).  The second *Ehrenhaus* factor weighs in favor of sanctions.

### 3.    Mr. Cao's culpability

Regarding the third *Ehrenhaus* factor, "Plaintiff is proceeding pro se and thus cannot claim [his] noncompliance is the fault of [his] attorney; [he] is responsible for [his] own actions." *Williams v. UnitedHealth Grp.*, No. 18-2096-HLT, 2020 WL 2309896, at *4 (D. Kan. Feb. 25, 2020), *report and recommendation adopted*, No. 18-CV-02096-HLT-JPO, 2020 WL 1329455 (D. Kan. Mar. 23, 2020); *De Foe v. Sprint/United Mgmt. Co.*, 196 F.R.D. 392, 395 (D. Kan. 2000), *aff'd sub nom. De Foe v. Sprint/United Midwest Mgmt. Servs. Co.*, 1 F. App'x 837 (10th Cir. 2001) ("By acting pro se the plaintiff has no one to blame for these deficiencies but [himself].").

Mr. Cao has failed to sufficiently cooperate in discovery.  During the two discovery conferences that Mr. Cao attended, the Court spent significant time explaining to Mr. Cao in plain language what documents remained outstanding responsive to Plaintiff's discovery requests and discussing what documents Mr. Cao does and does not have in his possession, custody, or control. The Court repeatedly asked when he would be able to produce these responsive documents and set deadlines Mr. Cao said he could meet.

Moreover, counsel for Plaintiff has met and conferred with Mr. Cao on numerous occasions

and in good faith to understand what responsive information documents he had within his possession, custody, and control.  *See, e.g.,* ECF No. 80 at 4 ("During that call, the parties discussed the Acting Secretary's Second RFPs, walking through the requests one by one.").  But despite the guidance from the Court and counsel for Plaintiff, Mr. Cao continued to violate Court orders, failed to produce the requested documents, and failed to attend the third discovery conference, all without explanation.

The Court does not assume that Mr. Cao is violating the Court's orders with ill intent, and he has made some efforts to comply with his discovery obligations.  The Court is mindful that because Mr. Cao is proceeding pro se without legal training, he "may be prone to violate the rules of the court unknowingly."  *Witherspoon v. Roadway Exp., Inc.*, 142 F.R.D. 492, 494 (D. Kan. 1992).  But as previously discussed, Plaintiff's counsel and the Court have repeatedly explained to Mr. Cao his discovery obligations under the Federal Rules of Civil Procedure over the course of several months and he repeatedly committed to producing responsive documents by the deadlines ultimately set by the Court.  The Court cannot keep allowing Mr. Cao to neglect Court deadlines and orders and fail to produce otherwise discoverable documents.  *See Williams*, 2020 WL 2309896, at *5 (finding that although the plaintiff was not violating the court's order with ill intent and was making an effort to complete her discovery obligations, the plaintiff was still culpable for discovery violations).  The third *Ehrenhaus* factor therefore weighs in favor of sanctions.

### 4.     Whether the Court warned Mr. Cao in advance that noncompliance would likely result in sanctions

As discussed above, the Court and Plaintiff have made it clear to Mr. Cao on multiple occasions what his obligations are under the Federal Rules of Civil Procedure.  During the two discovery conferences that Mr. Cao attended, and in the orders that followed such conferences, the

Court warned Mr. Cao that failure to follow the Court's orders or to timely respond to Plaintiff's discovery requests may result in sanctions, including those under Rules 26(g) and 37.  ECF Nos. 62, 66.  Yet, Mr. Cao continued to refuse to produce the requested documentation.

After Mr. Cao failed to appear at the October 26, 2023 discovery conference, the Court entered an order requiring Mr. Cao to show cause in writing for why the Magistrate Judge should not recommend that he be sanctioned under Rules 16 and/or 37 for his failures to comply with the Federal Rules of Civil Procedure and the Court's discovery orders.  ECF No. 76.  The Court explicitly warned Mr. Cao that:

> such sanctions may include prohibiting him from supporting or opposing designated claims or defenses, from introducing designated matters into evidence, or even rendering default judgement against him.

*Id.* at 6.

Again, Mr. Cao chose not to respond to the show-cause order, and he continued to ignore his obligations to produce the responsive documents to Plaintiff.  *See De Foe*, 196 F.R.D. at 395 (notice of dismissal as a sanction was "clear and direct" after the court warned him once in an order that further noncompliance would likely result in dismissal and the court subsequently ordered the plaintiff to show cause for why her cause should not be dismissed for her "numerous transgressions.").  The Court has given Mr. Cao "no fewer than three chances to make good [his] discovery obligation."  *Lee*, 638 F.3d at 1321.  "And three strikes are more than enough to allow the district court to call a litigant out."  *Id.*  The fourth *Ehrenhaus* factor therefore weighs in favor of sanctions.

### 5.    The efficacy of lesser sanctions

The final *Ehrenhaus* factor requires the court to consider the efficacy of lesser sanctions. *Williams*, 2020 WL 2309896, at *5 ("*Ehrenhaus* makes clear that before the court may dismiss a

27

case as a sanction, it must explain why lesser sanctions would be ineffective.").  While Plaintiff did not request any lesser sanctions, the Court can think of two lesser sanctions that could apply in this case, monetary sanctions or staying the case to complete outstanding discovery.  The Court, however, does not find that either lesser sanction would be effective.

The Court does not find that monetary sanctions would be effective because Mr. Cao proceeds pro se and alleges that neither he nor the Corporate Defendants can afford an attorney.  It is therefore unlikely that he has the ability to pay any reasonable expenses associated with his failures.[10]

The Court also does not find that staying this case until Mr. Cao fully complies with the Court's orders would be an appropriate sanction because this case effectively has been stayed since September 28, 2023, when the Court held its first discovery conference with the parties.  ECF No. 61; *see* Fed. R. Civ. P. 37(b)(2)(iv) (sanctions include staying the cause under the discovery order is obeyed); *Starks v. Metro Men's Health, LLC*, No. 21-2215-JWB-ADM, 2022 WL 2193386, at *5 (D. Kan. May 16, 2022), *report and recommendation adopted*, No. 21-2215-JWB-ADM, 2022 WL 2191817 (D. Kan. June 17, 2022) ("A stay of the proceedings would only serve to further prejudice [the plaintiff].").

In addition, Mr. Cao's failure to even attend the last scheduled hearing or respond to the Court's show-cause order underscore that Mr. Cao is unwilling or unable to comply with Court deadlines.  The Court therefore "cannot say that imposing lesser sanctions . . . would not spur [him]

---

[10]     For this reason, the Court will not order Mr. Cao to pay for the reasonable expenses caused by his failures.  *See* Fed. R. Civ. P. 37(b)(2)(C) (requires the Court to, in addition to sanctions, order a disobedient party to pay the reasonable expenses, including attorney's fees, caused by the failure "unless the failure was substantially justified or other circumstances make an award of expenses unjust.").  As explained throughout this Order, although Mr. Cao's discovery failures are not substantially justified, the Court will only impose the sanctions discussed in this order because requiring him to pay the reasonable expenses caused by his failures would be unjust.

to finally and fully complete [his] discovery obligations and lead [him] to actively participate in this case." *Jefferson v. Amsted Rail Co., Inc.*, No. 18-2620-KHV, 2019 WL 6117973 (D. Kan. Nov. 18, 2019).  His failure to appear and his failure to respond to the Court's show-cause order following the discovery conference "exemplifies a pattern of nonparticipation that leads the Court to find that a lesser sanction would not deter further noncompliance." *Apsley v. Boeing Co.*, No. 05-1368-EFM, 2015 WL 93653, at *9 (D. Kan. Jan. 7, 2015).

## IV.    CONCLUSION

For the reasons explained above, **IT IS THEREFORE ORDERED** that Plaintiff's Motion for Sanctions Against Defendant Mr. Cao (ECF No. 80) is **GRANTED IN PART AND DENIED IN PART**.

**IT IS FURTHER ORDERED** that the Clerk's Office mail this Order to Mr. Cao via regular U.S. Mail.

**IT IS SO ORDERED.**

Dated: March 1, 2024, at Topeka, Kansas.


/s/ Rachel E. Schwartz
Rachel E. Schwartz
United States Magistrate Judge